IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 405-007 |
| | * | |
| JOHN BEAMON III | * | |

## ORDER

In the captioned criminal matter, Defendant John Beamon III has filed a "Motion for Nunc Pro Tunc Application of Guideline Amendment to U.S.S.G. § 5G1.3." It appears that Defendant is seeking a judicial decree that his federal sentence should run concurrent to his state sentence, although he provides absolutely no information about the relevant state sentence, including the dates of imprisonment or nature of the state crime for which he was sentenced.

On December 1, 2005, Defendant was sentenced in this Court to serve 172 months imprisonment upon his conviction for attempted armed bank robbery in violation of 18 U.S.C. § 2113(a). It is unclear from Defendant's motion whether the state sentence he seeks to run concurrent with this federal sentence was previously imposed or imposed after his federal sentence was announced. What is clear is that Defendant's Judgment and Commitment Order in this case is silent as to whether his federal sentence is to run concurrent to any state

sentence. When multiple terms of imprisonment are imposed at different times, as here, the terms are presumed to run consecutively unless the court orders otherwise. 18 U.S.C. § 3584(a). To the extent that Defendant seeks a modification of his sentence to reflect that the federal sentence is concurrent with a state sentence, this Court lacks the authority to do so. See 18 U.S.C. § 3582(c).[1]

Defendant cites to U.S.S.G. § 5G1.3 in his motion as authority for the Court to run a federal sentence concurrent to a state sentence. Section 5G1.3 empowers the federal court to order concurrent sentences or reduce the federal sentence by the time the defendant spent in state custody prior to the federal sentencing or in anticipation of a later-imposed state sentence for conduct relevant to the federal offense of conviction. Most importantly, its application is for the federal sentencing court *at the time of sentencing*. Thus, to the extent that Defendant in this case believes he was incorrectly sentenced because the federal sentencing court did not properly apply U.S.S.G. § 5G1.3, this is a collateral attack on the legality of his sentence. As such, Defendant must file a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

---

[1] Section 3582(c) provides that a federal sentencing court cannot modify a sentence already imposed except under three limited exceptions, none of which apply to this case.

2

Upon the foregoing, Defendant's motion to modify his sentence to reflect concurrency with a state sentence (doc. 36) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of July, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA